**SULAIMAN LAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| KERI L. SILVERS,<br><br>     Plaintiff,<br><br>v.<br><br>PAYVANTAGE, LLC,<br><br>     Defendant. | Case No.  5:23-cv-02228<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227** *et seq.*<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**NOW COMES** KERI L. SILVERS ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of PAYVANTAGE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), pursuant to 47 U.S.C. § 227, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), pursuant to Cal. Civ. Code § 1788.

2.     "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone

1

Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted automated calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5. The Court has supplemental jurisdiction over the state law RFDCPA claim under 28 U.S.C. §1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Central District of California, Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

**PARTIES**

7. Plaintiff is a natural person and consumer, over 18-years-of-age, who at all times relevant had a California phone number and was physically present in California at the time she received the solicitation and/or collection calls at issue in this case.

8. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant is a payment gateway company that provides mobile devices with no-credit payments to consumers across the country, including California. Defendant maintains its principal place of business at 1200 Falls Street, Jonesboro, Arkansas 72401.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers

2

at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8779.

13. At all times relevant, Plaintiff's number ending in 8779 was assigned to a cellular telephone service.

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services

15. In 2022, Plaintiff purchased a cellular phone from a cellphone repair store. The purchase was financed through Defendant, and as of the present date, Plaintiff owes approximately $250 ("subject debt") for the cellular phone.

16. Plaintiff encountered financial difficulties and fell behind on her payments to Defendant in October 2022.

17. In December 2022, Plaintiff began to receive unsolicited calls and text messages from Defendant. The messages included threats of garnishment and accusations of theft.

18. Specifically, Plaintiff received a message stating, "[f]ailure to return your device is THEFT! Please avoid any future legal action and return your device."

19. In an attempt to stop these communications, Plaintiff replied to the messages with the word "STOP." However, despite her request, the messages continued.

20. In January 2023, Plaintiff, explicitly contacted Defendant and asked to cease contacting her. In response, as representative of Defendant informed her that the calls and messages would continue until they received the outstanding payment or until she returned the cellular phone.

21. Despite multiple requests to cease communication, Plaintiff continued receiving a high volume of automated collection calls and text messages from Defendant demanding payment

for the subject debt.

22. Notably, the Defendant's calls were relentless, with twenty-two (22) automated calls were made to Plaintiff's cellular phone, instructing her to call Defendant, after requesting to cease communications.

23. Upon information and belief, numerous collection calls were placed by Defendant to Plaintiff's cellular phone number (909) XXX-8779, using pre-recorded voice technology, in an attempt to collect on the subject debt.

24. Despite Plaintiff notifying Defendant that its collection calls are unwelcomed, Defendant continued to place excessive calls to Plaintiff's cellular phone using an automated, pre-recorded message.

25. Defendant's collections efforts were relentless and objectively unreasonable as Defendant will place unsolicited phone calls to Plaintiff's cellular phone at an excessive rate.

26. Defendant continues placing harassing collection calls to Plaintiff, including calls from the phone number (888) 899-5545, but upon information and belief, Defendant may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

27. From December 2022 through the present, Defendant received numerous amounts of automated pre-recorded collection calls and text messages.

**DAMAGES**

28. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased

risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

30. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

31. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice" to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

34. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") and an artificial or pre-recorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

35. As pled above, Defendant utilized an artificial or pre-recorded voice when

5

contacting Plaintiff on her cellular telephone.

36. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered and the pre-recorded messages used by Defendant, Defendant used pre-recorded voice technology to place calls and messages to Plaintiff's cellular phone.

37. Upon information and belief, the pre-recorded voice technology employed by Defendant play a pre-recorded message once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

38. As pled above, Plaintiff was severely harmed by Defendant's unauthorized calls to her cellular phones using pre-recorded voice technology.

39. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on her cellular phones.

40. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

42. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

43. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiffs are entitled to receive $500.00 in damages for each violation.

44. As a result of Defendant's knowing and willful violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff are entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff KERI L. SILVERS, respectfully requests this Honorable Court to enter judgement in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff damages of at least $500 per phone call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

45. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

47. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

48. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a  Violations of RFDCPA § 1788.11(e)**

49. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

50. Defendant violated the RFDCPA when it continuously called and sent messages to Plaintiff's cellular phone after she informed them that she was no longer welcoming Defendant trying to reach her and that she wanted the calls and messages to cease. This repeated behavior of systematically calling and messaging Plaintiff's cellular phone despite her demands was oppressive, harassing, and abusive. The frequency and volume of calls and messages shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

51. Upon being told to stop contacting Plaintiff on multiple separate occasions, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls and messages. Nevertheless, Defendant consciously chose to continue placing phone calls and messages to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff KERI L. SILVERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

    e. Enjoin Defendant from further contacting Plaintiff; and

    f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: October 30, 2023

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
**Sulaiman Law Group**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 331-307-7646
Facsimile: 630-575-8188
ataylor@sulaimanlawgroup.com